UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA H.,[1]

      **Plaintiff,**

v.

      Case No. 3:20-cv-00343
      Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**[2]

      **Defendant.**

### OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Linda H. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 11, *Defendant's Memorandum in Opposition*, ECF No. 14, *Plaintiff's Reply*, ECF No. 15, and the *Certified Administrative Record*, ECF No. 10. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

follow, the Court denies *Plaintiff's Statement of Errors and* affirms the Commissioner's decision.

I.    **PROCEDURAL HISTORY**

On July 14, 2017, Plaintiff filed her application for benefits, alleging that she has been disabled since June 16, 2017, due to a number of physical impairments. R. 165-71.[3] The application was denied initially and upon reconsideration and Plaintiff sought a *de novo* hearing before an administrative law judge. R. 105-19. Administrative Law Judge ("ALJ") Kevin Barnes held a hearing on August 13, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 41-59. In a decision dated October 1, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from June 16, 2017, her alleged disability onset date, through the date of that decision. R. 10-20. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 18, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 22, 2022, the case was reassigned to the undersigned. ECF No. 16. The matter is ripe for disposition.

II.    **LEGAL STANDARD**

    A.    **Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

---

[3] References to pages as they appear in the Certified Administrative Record will be cited as "R. __."

evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

    **B.**    **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §

404.1520(a)(4). "The claimant bears the burden of proof through step four; at step five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 63 years old on the date of the administrative hearing. R. 47. She was insured for disability insurance benefits through September 30, 2022. R. 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between June 16, 2017, her alleged disability onset date, and the date of the administrative decision. R. 12.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease; status post laminectomy; status post bilateral knee replacement; diabetes mellitus type II; and obesity. R. 13. The ALJ also found that Plaintiff's diagnosed hypertension, cataracts, and glaucoma were not severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 14.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following exceptions: No more than occasional balancing, stooping, crouching, kneeling, or climbing of ramps and stairs. No crawling. No climbing of ladders, ropes, or scaffolds. The claimant should avoid exposure to unprotected heights and dangerous machinery.

R. 15. The ALJ also found that this RFC permitted the performance of Plaintiff's past relevant work as a doctor's office receptionist. R. 19. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 16, 2017, her alleged disability

onset date, through the date of the decision. R. 20.

Plaintiff disagrees with the ALJ's findings at step four, specifically arguing that the ALJ erred in finding that Plaintiff's RFC permitted the performance of her past relevant work as a receptionist and by failing to find that Plaintiff's past relevant work was not a composite job. She asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 11; *Plaintiff's Reply Brief*, ECF No. 15. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 14.

### IV. RELEVANT EVIDENCE AND DISCUSSION

As noted above, Plaintiff argues that the ALJ erred at step four of the sequential evaluation process. Specifically, she contends that, because the vocational expert opined that Plaintiff's past relevant work constituted a "composite" job, the ALJ erred in splitting that composite job into its component parts and finding that Plaintiff could perform the less strenuous component. This Court disagrees.

Plaintiff testified at the administrative hearing that her past work included jobs as a veterinary assistant/reception worker and as a receptionist/kennel assistant. R. 49. The vocational expert testified that this past relevant work constituted composite work:

> ALJ: Please classify the claimant's past work.
>
> VE: Yes, at both – well, at Pony Express and Frankie's – Franko's Kennels, she was a doctor's office receptionist; DOT code 237.367-038; exertion level is sedentary; the SVP is 4; semiskilled work.

6

> She was also a veterinary assistant; . . .
>
> \*\*\*
>
> Well, she – as a veterinary assistant, obviously, she was either lifting 40 or 60 pounds. As a receptionist, we didn't discuss…the weight lifted.
>
> ATTY: Well, it was the same job, Your Honor, so she –
>
> VE: Well, they're – it's – it's a composite, that's correct, but it's not the same. There's two separate jobs, but it's composite. So the veterinary assistant –
>
> ALJ: Yeah.
>
> VE: -- is the second component; DOT code 410.674-010; exertion level is medium. At Pony Express, it was performed at the heavy level of exertion at the SVP 4 and at the kennel, it was performed at the medium level of exertion with an SVP of 4.
>
> ALJ: I find those to be past relevant. We'll start with the first of three hypotheticals. Please assume a hypothetical person of the claimant's age, education, work experience, and skill set; able to perform light work as defined by the regulations; this individual would never climb ladders, ropes, or scaffolds; never crawl; could occasionally climb ramps and stairs, balance, stoop, crouch, and kneel; this individual should avoid hazardous machinery and unprotected heights. Would that hypothetical individual with those limitations be able to perform the claimant's past work?
>
> VE: The hypothetical individual could work as the doctor's office receptionist as it's generally performed as the component – one component of the jobs – of the two jobs that are composite, but not the job of the veterinary assistant.
>
> \*\*\*
>
> ALJ: All right. And without giving an example – any examples, would there be jobs available in the national economy for an individual with these limitations? Would there be other jobs available?
>
> VE: Yes.

R. 54-56. As noted above, the ALJ ultimately found that, because Plaintiff's RFC enabled her to perform her past relevant job as a doctor's office receptionist, she was not disabled within the

7

meaning of the Social Security Act. R. 19. Plaintiff argues that the ALJ erred in separating the two component parts of Plaintiff's past composite work.

Step Four of the sequential evaluation process requires an ALJ to determine the claimant's RFC and to determine, further, whether that RFC permits the performance of the claimant's past relevant work. 20 C.F.R. § 404.1520(e), (f). Generally, if a claimant can perform her past relevant work, she is "not disabled" and the evaluation stops. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Social Security Ruling 82-61, 1982 WL 31387, addresses this process. Specifically, a claimant is "not disabled" if she can perform (1) the actual functional demands and job duties of a past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Id.* at *2. The Ruling thus generally requires that the ALJ consider both how the claimant *actually* performed her duties, as well as how those duties are *generally* performed by other similarly situated workers in the national economy. *Id*.

A variation of this rule exists when the claimant's past relevant work is characterized as a "composite job." "Composite jobs" are those that "have significant elements of two or more occupations and, as such, have no counterpart in the DOT." S.S.R. 82-61; *Dempsey v. Saul*, No. 1:18-cv-2806, 2020 WL 1852631 (N.D. Ohio Apr. 13, 2020). Thus, where the claimant's past relevant work was a composite job, an ALJ must consider only whether the claimant can perform her past relevant work as she *actually* performed it; the ALJ may not divide the composite job into separate components and then determine that the plaintiff can perform the less demanding of the two components. *Hurley v. Comm'r of Soc. Sec.*, No. 1:13-cv-913, 2015 WL 954192 at *12 (S.D. Ohio Mar. 4, 2015) (citing POMS § DI 25005.020).

In his written decision, the ALJ found that Plaintiff could perform her past relevant work as a "doctor's office receptionist," explaining:

> Accordingly, I find that the claimant's work as a receptionist constitutes past relevant work. It was performed within the relevant time period of the past 15 years of the date of adjudication, satisfied the durational requirement for the claimant to be adequately trained to perform the job at the semiskilled level, and was performed at substantial gainful activity levels.
>
> \*\*\*
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform the job of a receptionist both as it is generally performed and as it was actually performed by the claimant. In response to hypothetical questioning, Ms. Dutton-Lambert testified that an individual of the claimant's age, education, work experience, and residual functional capacity could engage in the claimant's past relevant work as a receptionist. On further questioning, Ms. Dutton-Lambert testified that, if the claimant were restricted to sedentary work, required the use of a cane for ambulation, or both, she would still be able to perform her past relevant work as a receptionist.

R. 20. The ALJ expressly considered, but rejected, Plaintiff's contention that Plaintiff's past relevant work was properly characterized a composite job:

> At the urging of the claimant's attorney, Ms. Dutton-Lambert noted that the claimant performed the work associated with these positions as a composite job. A review of the Work History Report submitted by the claimant, however, indicates that the claimant actually performed separate jobs for the same employer at different times (see Exhibit 6E). Based on this, I have found this work to not be a composite job, and note that the claimant and her employers appear to have viewed the jobs as separate and distinct.

R. 19, n. 2. Indeed, Plaintiff's Work History Report confirms that Plaintiff actually performed separate jobs with separate duties for the same employer. R. 236-244. Specifically, Plaintiff indicated that she worked as a receptionist in a veterinary office from June 1999 to January 2009, then as a veterinary assistant from January 2009 through January 2011. R. 237. She then returned to her position as a receptionist in a veterinary office from January 2011 through August 2015, before working as a receptionist in a dog kennel from September 2015 to August 2017. *Id*. Moreover, the lifting requirements of the latter two receptionist jobs, as described by Plaintiff in

9

this report, differed from those of the first receptionist job and of the veterinary assistant job. *See* R. 238-41. These distinct changes in position suggest, as the ALJ found, that both Plaintiff and her employers regarded the positions of veterinary assistant and receptionist as separate, distinct jobs rather than as a single, composite job.

A claimant is the primary source for determining the skills and exertional demands required by her past relevant work. *See* S.S.R. 82-62, 1982 WL 31386, *3 (1982). Plaintiff acknowledges her Work History Report, *Plaintiff's Statement of Errors*, ECF No. 11, PageID# 1191, but points to other evidence in the record that would support her contention that her past relevant work was actually a composite job, including her testimony that she "worked as a receptionist and also a kennel assistant." R. 98. However, the decision of the ALJ must be affirmed if it enjoys substantial support in the record. *Blakley*, 581 F.3d at 406 ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"). *See also Emard*, 953 F.3d at 849. This is so even if evidence exists to support the opposite conclusion. *Id*. The ALJ's findings that Plaintiff had prior relevant work as a doctor's office receptionist and that the position was not merely one component of a composite job find substantial support in the record. Moreover, the ALJ's additional finding that Plaintiff's RFC would permit the performance of that job is supported by the vocational expert's express testimony. Under these circumstances, this Court must affirm that finding and the resulting conclusion of the ALJ.

V.   **CONCLUSION**

Accordingly, the Court **DENIES** *Plaintiff's Statement of Errors,* ECF No. 11, and **AFFIRMS** the Commissioner's decision.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date:  October 11, 2022                     *s/Norah McCann King*
                                                                NORAH McCANN KING
                                                       UNITED STATES MAGISTRATE JUDGE